# Nutt *v.* Pennsylvania Railroad, Appellant.

*Negligence—Railroads—Automobiles—Crossings—Stop, look and listen — Invited guest in automobile — Contributory negligence — Failure to anticipate negligence.*

1. The duty of an invited guest, as to care, in an automobile approaching a railroad crossing, does not rise as high as that of the driver of the car.

2. Because the driver in such case was negligent, it will not be presumed that the guest was also negligent.

3. The test of negligence of an invited guest, under such circumstances, is his action or want of action in the face of manifest danger known to him, or which it was his duty equally with the driver to observe.

4. An invited guest in an automobile approaching a railroad crossing, cannot be held guilty of contributory negligence where it appears that he sat in the rear seat, with no opportunity to control the driving, that he looked for an approaching train without seeing one, and that he saw the driver stop, look and listen, at a point where a more distinct view of the tracks could be had than was offered to himself.

5. The guest, under such circumstances, was under no duty to continually observe the roadway ahead of him, and could not be held negligent merely for failure on his part to discover danger of which he was ignorant, although he might have discovered it had he been giving attention to the roadway.

6. The guest was not bound to assume that either the driver or the train crew would be negligent, and failure to anticipate negligence on their part was not contributory negligence in himself.

*Negligence—Autos—Driver—Guest—"Testing danger"—Words and phrases.*

7. The phrase, "testing danger," used in many Pennsylvania decisions as applied to a passenger who rides as an invited guest, is stated to be inaccurately used.

Argued October 7, 1924. Appeal, No. 56, Oct. T., 1924, by defendant, from judgment of C. P. Washington Co., Nov. T., 1922, No. 195, on verdict for plaintiff, in case of Paul R. Nutt v. Pennsylvania Railroad Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before CUMMINS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Rufus S. Marriner,* of *Wiley, Marriner & Wiley,* for appellant.—If plaintiff joined with the driver in testing a manifest danger he is liable for his own negligence and the negligence of the driver is imputed to him: Hardi v. Barrett, 257 Pa. 42; Azinger v. R. R., 262 Pa. 242; Thomas v. R. R., 275 Pa. 579.

*David M. McCloskey,* with him *Robert E. Burnside* and *Ethel B. Burnside,* for appellee, cited: Thomas v. R. R., 275 Pa. 583; Shaffer v. R. R., 258 Pa. 288; Mur-

tagh v. R. R., 271 Pa. 290; Smyth v. Traction Co, 263 Pa. 511; Minnich v. Traction Co., 267 Pa. 200.

OPINION BY MR. JUSTICE FRAZER, November 24, 1924:

Plaintiff sued to recover for personal injuries sustained in a grade crossing collision between one of defendant's trains and an automobile in which he was riding as a guest. The trial judge submitted the case to the jury which found for plaintiff and the subsequent motion by defendant for judgment non obstante veredicto being overruled and judgment entered on the verdict, defendant appealed.

Plaintiff attended an athletic meet at a ball park, in Charleroi, Washington County, located near the crossing where the accident occurred. As those present at the gathering were leaving the ground, the driver of an automobile, a friend of the plaintiff, Scott by name, invited plaintiff and another to ride home in Scott's car. They accepted the invitation, plaintiff sitting on the rear seat and his friend with the driver. There were four tracks at the crossing, and at the time of the accident a large number of pedestrians and vehicles were passing over the crossing. The automobile, in which the plaintiff was riding, had crossed three of the tracks and was struck by the train as it had almost cleared the fourth.

The question of defendant's negligence was clearly for the jury. In fact, defendant does not seriously contend that cause exists for reversal on this point and did not deem it worth while to include the question in the statement of questions involved; accordingly, discussion of that subject is unnecessary.

The basis of defendant's argument is that plaintiff was negligent in failing to take proper precaution for his personal safety. The driver testified that as he approached the crossing he stopped to look and listen for a train, at a point where the front of his car was five to eight feet from the first track, and that this was the

place at which vehicles usually stopped before entering the crossing. The testimony is conflicting as to the extent to which a view of the tracks was obtainable at this point, owing to obstructions; but, from the place at which the car stopped, those occupying the front seat, it appears, had a view of the railroad tracks for a distance of 1,000 feet, while plaintiff sitting on the rear seat had an unobstructed view for a distance of approximately 300 feet. Plaintiff testified he looked in both directions for a train, and also saw Scott, the driver, look at the same time, and heard the latter request the others to "Look out for trains," and also remark, "It is all clear above; how is it below?" to which his companion in the front seat responded, "It is all clear below." The car then proceeded and plaintiff claims he continued to look as they entered on the railroad. The driver was obliged to proceed slowly owing to the crowded condition of the crossing, his progress being further retarded by the action of a child who ran or stumbled in front of his car.

It is difficult to suggest what additional precaution plaintiff should have taken. He was not in control of the car, and, on his part, interference with the driver would doubtless have served to increase rather than lessen danger, both to themselves and pedestrians at the time using the crossing. Furthermore, we find nothing in the evidence tending to indicate occasion for interference. So far as plaintiff could see, the driver took all necessary precautions for safety before entering the tracks. Although the view both up and down the railroad increased to a distance of 4,500 feet after the automobile passed over the first track, failure of the driver to stop again after having entered on the crossing did not necessarily convict him of negligence (Murtagh v. R. R., 271 Pa. 290); nor did failure to observe the train and warn the driver to stop necessarily constitute contributory negligence on the part of plaintiff, whose duty in the matter did not rise as high as that of the driver of

the car. In view of the crowded condition of the crossing and the narrow escape from injuring the child who stumbled in front of the automobile immediately before it entered on the last track, the attention of the occupants of the machine would naturally be diverted from the crossing situation for a sufficient interval to allow a train to traverse the distance over which it could be seen from the crossing before the automobile had time to reach the opposite side of the railroad. We feel this effectually disposes of the contention made by the defendant, that plaintiff was bound to see what must have been plainly visible for a sufficient time to enable the occupants of the car to avoid the accident had they taken proper care for their safety. Defendant argues that the driver was negligent and plaintiff joined with him in testing the danger. The question of the driver's negligence is not before us, and need not be discussed or passed upon. But assuming, for the purpose of argument, that he was negligent, it does not follow that plaintiff was also neglectful. Plaintiff had no control over either the machine or driver, hence, negligence could not be imputed to him: Wolf v. Sweeney, 270 Pa. 97; Senft v. Western Maryland Ry., 246 Pa. 446. Of course, plaintiff would be held responsible for his individual want of reasonable care, and had he been engaged in a common purpose with the driver it would have been the duty of both to exercise foresight and timely care for their safety: Martin v. Penna. R. R., 265 Pa. 282; Hardie v. Barrett, 257 Pa. 42; Dunlap v. Phila. Rapid Transit Co., 248 Pa. 130. The test of negligence, however, of an invited guest, is his action or want of action in the face of manifest danger, or danger known to him or which it was his duty equally with the driver to observe: Azinger v. Penna. R. R., 262 Pa. 242. "When dangers, which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has an adequate and proper opportunity to control or influence the situation for safety, if he sits by with-

out warning or protest and permits himself to be driven carelessly to his injury, this is negligence which will bar recovery": Minnich v. Easton Transit Co., 267 Pa. 200-204. Certainly plaintiff here cannot be accused of sitting quietly by in the face of a manifest danger, as he and the driver, so far as he could observe, took reasonable care to discover the approach of a train and neither saw nor heard it coming.

The phrase, "testing danger," used in many of our decisions, is not accurate as applied to a passenger who rides as an invited guest. It implies active participation in a reckless disregard of danger on the part of the driver, while, as a matter of fact, this does not usually occur. The passenger may be merely passive and yet be held responsible for resulting injury to himself. In such case, he does not join in testing danger; he does, however, take the risk incident to the situation. Where two persons are engaged in a joint enterprise for their mutual benefit or pleasure, and are in equal control or ownership of the means of transportation, it may be said they join in testing danger incident to the operation of the machine. An illustration of this is found in Dunlap v. Phila. Rapid Transit Co., supra, where a constable and his deputy were using an automobile for their mutual business and had equal opportunity to observe dangers in the roadway. But an invited guest, and especially one who occupies a rear seat in the car where no opportunity of control exists, is in a different position. He ordinarily is not concerned with the operating of the car and cannot be viewed as joining with the driver in its operation merely from the fact that he happens to be an occupant of the machine. He is, of course, not without responsibility in the matter and must be held accountable if he assumes the risk of a danger which he knows exists or remains silent in the face of a known danger and fails to warn the driver of its existence. "When dangers, which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has an adequate and proper opportunity to con-

trol or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which will bar recovery": Minnich v. Easton Transit Co., supra. The guest is under no duty to continually observe the roadway ahead of him, and cannot be held negligent merely for failure on his part to discover danger of which he is ignorant, although he might have discovered it had he been giving attention to the roadway: Azinger v. Railroad, supra. Taking the present case as an illustration, plaintiff looked for an approaching train and saw the driver of the car, stop, look and listen from a point where a more distant view of the tracks could be had than was offered plaintiff. Having done this, he did all that could reasonably be expected of him. Any attempt, on his part, to interfere with the driver in the physical control of the car would probably have served only to increase the danger: Beck v. Railroad, 268 Pa. 571. He was not bound to assume that either the driver of the automobile or the train crew would be negligent, and failure to anticipate negligence on their part was not contributory negligence in itself: Bard v. Ry. Co., 199 Pa. 94. There are times, however, when the guest may be held guilty of negligence as a matter of law, and be held to have joined the driver in testing danger, as, for instance, where he has knowledge of the driver violating a clear legal duty imposed upon him, such as failure to stop, look and listen (Dean v. Railroad, 129 Pa. 514; Beck v. Railroad, supra), or driving on the wrong side of the road (Renner v. Tone, 273 Pa. 10), or at an excessive speed (Hill v. Transit Co., 271 Pa. 232); the general rule is that the extent to which one riding as a guest should anticipate an impending peril and act in relation thereto depends upon the facts of each case, and under the circumstances here appearing the question of the exercise of due care on the part of the plaintiff was for the jury: Hardie v. Barrett, supra; Beck v. Railroad, supra; Azinger v. Railroad, supra.

The judgment is affirmed.