## Frank, Appellant, *v.* Markley.

Argued March 27, 1934.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John S. Powers,* with him *Harry H. Frank* and *Matthews & Jamison,* for appellant.—The court should have instructed the jury that under the evidence the plaintiff could not be guilty of contributory negligence: Azinger v. R. R. Co., 262 Pa. 242; Carlin v. P. R. T. Co., 290 Pa. 288; Campagna v. Lyles, 298 Pa. 352; Simrell v. Esch-

enbach, 303 Pa. 156; Cormican v. Menke, 306 Pa. 156; Richards v. Warner, 311 Pa. 50; Matthews v. R. R. Co., 308 Pa. 238.

*W. Walter Braham,* with him *William D. Cobau* and *J. Glenn Berry,* of *Braham, Cobau & Berry,* for appellee.—The court properly submitted to the jury the question of the plaintiff's contributory negligence: Carlin v. P. R. T. Co., 290 Pa. 288; Schlossstein v. Bernstein, 293 Pa. 245; Rodgers v. Saxton, 305 Pa. 479; Simrell v. Eschenbach, 303 Pa. 156; Kilpatrick v. P. R. T. Co., 290 Pa. 288; Oestreich v. Zibman, 110 Pa. Superior Ct. 457.

OPINION BY MR. JUSTICE KEPHART, April 23, 1934:

In an evening in June, 1930, Dr. Frank accompanied Markley, as a guest, in his automobile from New Castle to Youngstown, Ohio. They spent the evening with some ladies, at a dance and at an eating house. They left at 3 o'clock in the morning; Markley was driving, and some two miles from Youngstown, Dr. Frank fell asleep. Markley himself later fell asleep, and the car ran off the road, crashing into a telegraph pole, with resultant injuries to Dr. Frank. In his action against Markley, the jury found in the latter's favor and Dr. Frank presents but one question in this appeal: May a guest who falls asleep while riding in an automobile escape the charge of contributory negligence when injured by the driver's negligence?

The trial judge, after reviewing the facts as narrated, charged the jury as follows: "......the only question of negligence that arises—that is, as to the negligence of Dr. Frank, whether......under the facts as known to him......at the time, whether he was exercising the care that a person of ordinary prudence would have exercised in his position—that is, whether he was careless in going to sleep under those conditions. That is, the only thing upon which the jury could find any negligence on his part would be as to his going to sleep; it is for the

jury to find, whether, under the conditions as they were at the time, the plaintiff was or was not guilty of contributory negligence,......" In so charging, it is contended, the learned judge erroneously permitted the jury to base a finding of contributory negligence upon the mere fact of sleeping.

We have frequently discussed the elements of contributory negligence on the part of guests in automobiles. Such negligence exists when two circumstances concur: First, an opportunity to know of threatened danger; second, an opportunity to give warning: Matthews v. B. & O. R. R., 308 Pa. 238. "The weight of all the authorities seems to be that the guest is responsible for inaction only when he knows of a danger, or where the evidence is such that, from the nature of the situation itself, it appears that he must have realized its peril": Kilpatrick v. P. R. T. Co., 290 Pa. 288. See Campagna v. Lyles, 298 Pa. 352; Simrell v. Eschenbach, 303 Pa. 156; Cormican v. Menke, 306 Pa. 156; Richards v. Warner Co., 311 Pa. 50. Here the guest by his own act was prevented from apprehending threatened danger, and, a fortiori, from giving warning of it. He was asleep. Was this contributory negligence? May a guest in an automobile place himself in a condition which makes it impossible for him to learn of threatened danger? In other words, must he remain awake so that he may observe obvious danger? Ordinarily, there is no duty that requires a guest to remain awake when riding in an automobile. That a guest may occasionally go to sleep in an automobile is a matter of common experience. It is a result of the extended use that is made of automobiles today. There is dependence in drivers that they not only will handle machines carefully, but under no circumstances sleep at the wheel. The improved condition of highways, dependability of cars and tires, and numerous mechanical devices give further assurance of safe driving. It must now be regarded as settled that the mere fact of sleeping does not, as a matter of law, convict a

guest in an automobile of negligence (Simrell v. Eschenbach, supra; Oestreich v. Zibman, 110 Pa. Superior Ct. 457); it would have been error for the court to instruct the jury that such fact, standing alone, would support a finding of contributory negligence.

This rule is based upon common sense. To require a guest to be always awake and alert to take part in driving an automobile would have a tendency to destroy the efficiency of the driver. As a general rule his mind is fixed on his work, and there is no more exasperating experience to a driver than to have his car driven from the back seat. However, it cannot be said that under all circumstances a guest may entrust his safety to the driver and thereby relieve himself of responsibility. If some additional inculpatory evidence of sufficient importance appears, such evidence, together with the fact of sleeping, should be submitted to the jury for a finding as to contributory negligence, or such additional evidence may be of so much importance and so grave as to constitute contributory negligence as a matter of law. To illustrate: In the present case the mere fact of the guest sleeping would not be evidence of negligence and should not be so considered; but, there is the additional fact that this guest went to sleep when he knew that he and the driver had worked the day before, drove from New Castle to Youngstown in the evening, there met some young ladies, spent the evening at their home and at a dance hall, dancing until late at night, then went to an eating house, and from there left at 3 o'clock in the morning to drive home. Under such circumstances it became a question for the jury as to whether he, as a reasonably prudent man, should have permitted himself to fall asleep, entrusting his safety solely to the driver of the car: Bushnell v. Bushnell (Conn.), 131 Atl. 432; Chesapeake & Potomac Tel. Co. v. Merriken (Md.), 128 Atl. 277; see McDermott v. Sibert (Ala.), 119 So. 681; Powell v. Berry, 145 Ga. 696, 89 S. E. 753. The jury must have reasoned that after these prolonged exertions

both men were tired; that if the doctor was sleepy he should have known that the driver, with whose acts during the day and night he was familiar, might likewise be sleepy and that common prudence should have told him either to stay awake or remain in Youngstown for the night. The driver did become drowsy when he had driven a short distance. The doctor seated at his right was in a position where, had he been awake, the probability of accident would have been lessened if not eliminated. On the other hand, the jury might just as well have concluded from their observations of the men that the conduct of the driver before the return trip was not of sufficient importance to cause any apprehension of danger on the part of Dr. Frank. The inferences found by the jury were obvious: both men were too tired and should not have set out on the journey, and, having concluded to return, their physical condition should have told them what was the safe thing to do.

The standard of care required of a guest in an automobile is the usual one, that is, he should conduct himself as an ordinarily prudent person would, under like circumstances. If he does, his conduct is not negligent. In determining negligence, the legal question always is: Did he act as a reasonably prudent man would have under the circumstances? If there is any doubt on the subject, considering all the conditions, the jury should resolve the doubt. Upon the facts of this case, there can be no doubt that it was for the jury to decide whether, under all the circumstances, plaintiff was negligent in permitting himself to fall asleep, and by their verdict we are bound.

Judgment affirmed.