Delling et ux., Appellants, *v.* McKnight.

252

Argued November 24, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harry C. Liebman,* for appellants.
*Jay B. Leopold,* for appellee.

OPINION BY MR. JUSTICE BARNES, January 11, 1937:

Plaintiffs, who are husband and wife, brought this suit against defendant to recover damages for personal injuries sustained by each plaintiff when a car in which they were riding as guest passengers, was in collision with one owned and driven by defendant. At the trial in the court below the jury returned verdicts in favor of defendant, and from the judgments entered thereon separate appeals have been taken by plaintiffs.

The accident occurred on August 19, 1934, about 4 P. M. at the intersection of Third Street and Olney Avenue, Philadelphia. The automobile in which plaintiffs were guests was owned and driven by Harry Porst. Porst, plaintiff and the wife plaintiff were riding in the

front seat of the car in the order named, the wife being on the extreme right of the seat. Porst was proceeding north on Third Street and upon reaching the intersection with Olney Avenue came to a complete stop in obedience to a traffic sign. According to the evidence, he saw no traffic to his left, but observed defendant's car about two hundred feet distant to the right, on Olney Avenue, moving westward towards Third Street. Porst started across Olney Avenue driving the car in second gear, and when the front of his automobile reached the north curb line of Olney Avenue, its right rear wheel was struck by the defendant's car and overturned. At the time of the accident the car driven by Porst was traveling at a speed of approximately seven to eight miles an hour. According to defendant's version of the accident, the car in which plaintiffs were riding collided with his automobile.

Plaintiffs assign as error the instructions given to the jury by the learned trial judge with respect to the duty of plaintiffs as guest passengers in the car. The portion of the charge complained of reads as follows: "Now what is the duty of a guest? Of course in this particular case, as with all guests, they have no control, as we have already said, over the actual manipulation of the steering wheel and the driving of the car. But the law says they must not sit idly by, they must be observant, and if the driver of a car is driving carelessly or negligently or recklessly, or fails in his duty to observe the law, they must do something. They must not remain inactive and they must remonstrate as best they can. If they fail under such circumstances to remonstrate with the driver, in other words, if they sit idly by and see the driver doing a careless act and say nothing, that is carelessness on their part, that is contributory negligence. They also must be observant at intersections and look for cars also. They cannot sit idly by and not pay any attention to traffic, and their failure to be observant under those circumstances is carelessness."

We are convinced that this instruction placed too great a duty of care upon the guest passenger. While it is true that if a guest passenger joins with the driver in testing danger by the careless, negligent or reckless operation of an automobile, such act would constitute negligence on his part. We have said that where there are dangers known or reasonably manifest to the guest, who has an opportunity to influence the situation for safety, if he sits by without warning or protest and permits himself to be driven to his injury, he cannot recover. But the instruction here goes beyond the principles which have been settled in the numerous cases before this Court dealing with the subject.* It would seem by its language to impose upon the guest passenger a responsibility equal with that placed upon the driver of the car, of discovering possible dangers ahead and in consequence, for the safe operation of the vehicle itself. The trial judge charged: *"But the law says they must not sit idly by, they must be observant."* Yet we held in *Kilpatrick v. Phila. Rapid Trans. Co.*, 290 Pa. 288, that a guest passenger reading a newspaper at the time of the accident was not negligent. Similarly, in *Simrell v. Eschenbach*, 303 Pa. 156, in *Frank v. Markley*, 315 Pa. 257, and in *Oestreich v. Zibman*, 110 Pa. Superior Ct. 457, it was decided that a guest passenger, dozing or sleeping in the automobile, is not, as a matter of law, guilty of negligence.

---

* The following are recent decisions where it was held that the guest passenger,—not cognizant of danger and not put upon notice of possible dangers,—was under no duty as a matter of law of protesting or remonstrating with the driver of the car, or taking other action in reference to the operation of the automobile: *Minnich v. Easton Trans. Co.*, 267 Pa. 200; *Ferrell v. Solski*, 278 Pa. 565; *Nutt v. Pa. R. R. Co.*, 281 Pa. 372; *Davis v. American Ice Co.*, 285 Pa. 177; *Kilpatrick v. P. R. T. Co.*, 290 Pa. 288; *Richards v. P. R. T. Co.*, 299 Pa. 163; *Cormican v. Menke*, 306 Pa. 156; *Richards v. Warner Co.*, 311 Pa. 50; *Alio v. Pa. R. R. Co.*, 312 Pa. 453; *Frank v. Markley*, 315 Pa. 257; *Becker v. Saylor*, 317 Pa. 573; *Oestreich v. Zibman*, 110 Pa. Superior Ct. 457.

Further the charge reads: *"They also must be observant at intersections and look for cars also.* They cannot sit idly by and not pay any attention to traffic, and their failure to be observant under those circumstances is carelessness." Clearly this is error. In *Davis v. American Ice Co.,* 285 Pa. 177, we reversed the court below for the same instruction, and said, (p. 185) : "We know of no decision where it has been held that a passenger in an automobile is equally bound with the driver, as was in effect held by the court below, . . . to watch for the approach of vehicular traffic at street crossings. To so hold would require such constant interference with the driver as to increase rather than diminish the danger."

The same rule was announced in the earlier case of *Azinger v. Pa. R. R. Co.,* 262 Pa. 242, where it was said (p. 250) : "None of the cases goes so far as to hold the passenger is bound to exercise the same degree of care in observing the roadway ahead of him as is required by the driver of the vehicle." In *Nutt v. Penna. R. R. Co.,* 281 Pa. 372, 378, the rule was again repeated in these words: "The guest is under no duty to continually observe the roadway ahead of him, and cannot be held negligent merely for failure on his part to discover danger of which he is ignorant, although he might have discovered it had he been giving attention to the roadway." And the rule is also stated in the same language in *Kilpatrick v. Phila. Rapid Trans. Co.,* supra. In the recent case of *Landy v. Rosenstein,* 325 Pa. 209, we have discussed at length the duty imposed by law upon a guest passenger in an automobile, and have again affirmed this rule. The doctrine of the cases cited is in accord with the Restatement of the law which reads: (See Restatement of the Law of Torts, Vol. 2—Negligence, P. 1282, Sec. 495(c)) : "Amount of Care Required of Guest or Passenger in Automobile: Save in exceptional situations, a guest or passenger in a vehicle is not required to keep a constant lookout or to see to it that he

shall be in a condition to do so. Thus, a plaintiff riding in the front seat may take his attention off the road to look at the scenery or may turn around to speak to a friend in the back or he may go to sleep or read a book without being guilty of contributory negligence if the driver commits some negligent act which the plaintiff had he been on the alert might have had the opportunity to prevent."

Returning to the facts of this case the plaintiff testified that at the time the car in which he was riding came to the intersection, he did not see defendant's car nor did he look for approaching traffic at that time. The wife plaintiff testified she looked only to her left as they approached the intersection, and did not see defendant's car until after the collision. Under the instructions of the court, as applied to this evidence, the jury might have believed that it was the duty of both appellants to look for traffic at street intersections, to the same extent as the driver of the car. This portion of the charge was therefore harmful to plaintiffs and prejudiced their cases before the jury.

Referring to the complaint that the trial judge erred in instructing the jury in answer to its question— "whether there is any law that prohibits three persons riding in the front seat of this car," we have examined the words used and find no reversible error therein. The answer given by the court accords for the most part with the principles recently announced by this Court in the case of *Mahoney v. City of Pittsburgh,* 320 Pa. 44. However, in that case, it clearly appeared that the overcrowding in the front seat (where four persons were riding) contributed to the accident. If at the next trial of this case the court includes the instruction that the overcrowding must be a contributing factor causing the accident, then undoubtedly it will be in conformity with our decisions on the subject. See *Robinson v. American Ice Co.,* 292 Pa. 366, 369; *Goldschmidt v. Schumann,* 304 Pa. 172, 176.

For the reasons which we have stated, a reversal of the judgments entered below in favor of the defendant is necessary.

In No. 320, January Term, 1936, the judgment is reversed and a venire facias de novo awarded. In No. 321, January Term, 1936, the judgment is reversed and a venire facias de novo awarded.