J-S53045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DENNIS JAY MacCOLL | |
| Appellant | No. 2156 MDA 2015 |

Appeal from the Judgment of Sentence November 10, 2015
in the Court of Common Pleas of Lancaster County Criminal Division
at No(s): CP-36-CR-0002834-2013

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED SEPTEMBER 09, 2016**

Appellant, Dennis Jay MacColl, appeals from the judgment of sentence entered following a violation of probation and parole hearing. He contends his sentence was excessive. We affirm.

We adopt the facts and procedural history set forth by the trial court's opinion. **See** Trial Ct. Op., 1/14/16, at 1-3. Appellant argues his sentence of two-and-one-half to five years' imprisonment is excessive for a probation violation. He asserts the court failed to consider his efforts to comply with the terms of his probation, his rehabilitative needs, and the fact this was his first violation for this docket. Appellant also claims the trial court was biased against him. We affirm.

This Court has stated that

---

[*] Former Justice specially assigned to the Superior Court.

[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:

[W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

*Commonwealth v. Evans*, 901 A.2d 528, 533-34 (Pa. Super. 2006) (some citations and punctuation omitted). "[I]t is now accepted that it is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006).

Appellant has complied with the Rule 2119 requirements and therefore we address the merits.[1] After careful review of the record, the parties' briefs, and the decision by the Honorable Donald R. Totaro, we affirm on the

---

[1] Although reflected in the docket, Appellant's post-sentence motion was not part of the certified record. Neither the Commonwealth nor the trial court, however, contend Appellant waived any issue.

basis of the trial court's opinion. **See** Trial Ct. Op. at 7-12 (holding court considered (1) pre-sentence investigation report, (2) five previous violations for other dockets, (3) unsuccessful repeated attempts at drug rehabilitation, (4) rehabilitative needs before imposing sentence, and (5) Appellant's own acknowledgement that he did not take "probation seriously." N.T. Sentencing Hr'g, 11/10/15, at 15). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2016



## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
### CRIMINAL

COMMONWEALTH OF PENNSYLVANIA      :
     :      No.     2834-2013

vs.      :
     :

DENNIS JAY MACCOLL      :

### PA R.A.P. 1925 OPINION

BY TOTARO, J.

On August 28, 2015, Dennis Jay MacColl ("Appellant") appeared before the Court on two separate criminal informations[1] for a hearing on violations of probation and parole relating to two counts of Simple Assault (M2) and three counts of Terroristic Threats w/ Intent to Terrorize Another (M1).[2] (Notes of Transcript, at 3) (hereinafter "N.T."). Appellant stipulated to certain violations, and a hearing was held on the others. *Id.* at 3-4. Following the hearing, Appellant was found in violation of his probation and parole on both informations, and his probation and parole were revoked. *Id.* at 59. Sentencing was deferred pending the completion of a Pre-Sentence Investigation ("PSI") Report. *Id.*

---

[1] Information Number 2823-2013 (count 1: simple assault; count 2: terroristic threats w/ intent to terrorize another). Information Number 2834-2013 (count 1: simple assault; count 2: terroristic threats w/ intent to terrorize another; count 3: terroristic threats w/ intent to terrorize another).

[2] On July 10, 2013, Appellant tendered a negotiated guilty plea at Information Numbers 2823-2013 and 2834-2013. *See* Sentencing Orders. On Information Number 2823-2013, Appellant was sentenced to serve six (6) to twenty-three (23) months in Lancaster County Prison ("LCP") on each count, concurrent to one another. *Id.* On Information Number 2834-2013, Appellant was placed on probation for two years on count one, and five years of concurrent probation on each of counts two and three. *See* Sentencing Order. This aggregate sentence of five years probation was made consecutive to the jail sentence imposed at 2823-2013. *Id.* Sentencing conditions on both docket numbers required Appellant to receive a drug and alcohol evaluation and comply with any treatment deemed necessary. *See* Sentencing Conditions Order. Additionally, Appellant was not to possess or consume alcohol, pay restitution in equal monthly installments, maintain full time employment, be assessed for domestic violence group, and attend if deemed necessary. *Id.*

On November 10, 2015, Appellant appeared before the Court for sentencing on the above-referenced violations, at which time the Court verified the accuracy of the PSI Report. (Notes of Transcript, Sentencing at 2-4) ("N.T.S."). Thereafter, on Information Number 2823-2013, Appellant was sentenced to serve the unexpired balance of his sentence for the parole violations. *Id.* at 24. Additionally, on Information Number 2834-2013, Appellant was sentenced to serve not less than one (1) year nor more than two (2) years on count one, and not less than two and one half (2 ½) years nor more than five (5) years on each of counts two and three. *Id.* All sentences were made concurrent to one another and were to be served in the State Correctional Institution ("SCI"). *Id.* at 24-25. Appellant received credit for time served and he was made eligible for all treatment programs offered in the SCI which specifically address drug and alcohol addiction as well as anger management. *Id.* at 24.

On November 20, 2015, Appellant filed a Post-Sentence Motion seeking to modify his sentence, which was denied by the Court on November 23, 2015. On December 10, 2015, Appellant filed a Notice of Appeal on Information Number 2834-2013, and on December 30, 2015, Appellant filed a Concise Statement of the Errors Complained of on Appeal ("Statement") claiming the sentence of two and one half (2 ½) years to five (5) years of incarceration for a violation of probation was manifestly excessive and an abuse of discretion.[3] *See* Statement. Appellant further claims the sentence was clearly unreasonable, and under the circumstances of this case was not consistent with the protection of the public, the gravity of the offenses, and Appellant's rehabilitative needs. *Id.* Furthermore, Appellant claims the sentence was contrary to

---

[3] Appellant is not appealing the sentence of the unexpired balances which were imposed on counts one and two of Information Number 2823-2013. *See* Statement.

2

the fundamental norms underlying the sentencing process, showing a "bias of the sentencing Judge" against Appellant. *Id.* This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

## LEGAL STANDARD

There is no absolute right to appeal when challenging the discretionary aspects of a probation violation sentence. *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008). Appeal is permitted only if the Superior Court determines there is a substantial question that the sentence was not appropriate under the sentencing code. *Id.* A substantial question is raised when the appellant sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to fundamental norms of the sentencing process. *Id.*

In the present case, Appellant makes a blanket claim that the sentence imposed by the trial court for a violation of probation "was manifestly excessive and an abuse of discretion." *See* Statement. Because Appellant has failed to set forth a plausible claim that the sentence violates a provision of the sentencing code or is contrary to fundamental norms of the sentencing process, Appellant has failed to raise a substantial question and his appeal should be dismissed.

Nevertheless, the Court recognizes a claim that a sentence is excessive can support a plausible argument that a sentence is contrary to the fundamental norms of the sentencing process. *Commonwealth v. Williams*, 69 A.3d 735, 740 (Pa. Super. 2013). Moreover, such a claim can raise a substantial question even where, as here, the sentence falls within the statutory limits. *Commonwealth v. Trippett*, 932 A.2d 188, 202 (Pa. Super. 2007) (citing *Commonwealth v. Mouzon*, 430, 812 A.2d 617, 624 (Pa. 2002)). Assuming, *arguendo*, Appellant has raised a substantial question, the Court will review Appellant's issue on the merits.

3

The Superior Court has set out the general standard of review when considering a challenge to the discretionary aspects of a Court's sentence as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa. Super. 2005) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999)).

In clarifying the proper standard of appellate review of a sentencing court's imposition of sentence, our Supreme Court has noted:

> Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court.

*Commonwealth v. Walls*, 926 A.2d 957, 961-62 (Pa. 2007) (footnote omitted) (citing *Commonwealth v. Ward*, 568 A.2d 1242, 1243 (Pa. 1990)). Thus, the sentencing court is "in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Id.* (quoting *Ward*, 568 A.2d at 1243).

Sentencing on a parole or probation violation is a matter vested within the discretion of the trial court, and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.*

4

"When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in [42 Pa. C.S.A. § 9771]." *Crump*, 995 A.2d at 1282. Section 9771 states in pertinent part:

**§ 9771. Modification or revocation of order of probation**

**(a) General rule.-** The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.
**(b) Revocation.-** The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.
**(c) Limitation on sentence of total confinement.-** The court shall not impose a sentence of total confinement upon revocation unless it finds that:
(1) the defendant has been convicted of another crime; or
(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
(3) such a sentence is essential to vindicate the authority of the court.

42 Pa. C.S.A. §§ 9771(a)-(c); *see also Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001).

Moreover, technical violations, where flagrant and indicative of an inability to reform, can support imprisonment upon revocation. *See Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007). In *Commonwealth v. Carrillo-Diaz*, where appellant failed to appear for required treatment and misled the court at his revocation hearing about the reasons for his failure to appear, the Superior Court found that the trial court acted within its discretion in imposing a state prison sentence for appellant's technical violations. 64 A.3d 722, 727-29 (Pa. Super. 2013). Furthermore, in *Commonwealth v. Ortega*, where the trial court determined that appellant's serious and protracted technical violations made him unsuitable for another "community based sentence" of probation, the Superior Court agreed that in light of 42 Pa. C.S.A. § 9771(c)(3), the

trial court could have reasonably determined a sentence of imprisonment for a defendant who absconded at the very outset of his probationary term and remained delinquent for three years was essential to vindicate the authority of the court. 995 A.2d 879, 884 (Pa. Super. 2010).

Where probation is violated, the trial court is free to impose any sentence permitted under the Sentencing Code, and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor. *Commonwealth v. Partee*, 86 A.3d 245, 249 (Pa. Super. 2014). Furthermore, sentencing guidelines no longer apply in a revocation hearing. *Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014).

A trial court does not necessarily abuse its discretion in imposing a seemingly harsh post-revocation sentence where the defendant originally received a lenient sentence and then failed to adhere to the conditions imposed on him. *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012); *see also Pasture*, 107 A.3d at 28-29. The trial court is limited only by the maximum sentence it could have originally imposed at the time of the probationary sentence. *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004); *see also* 42 Pa. C.S.A. § 9771.

A sentencing court need not undertake a lengthy discourse in explaining its reasons for imposing a sentence if the record reflects the court considered facts of the crime and character of the offender. *Crump*, 995 A.2d at 1283. Further, the trial court does not abuse its discretion by failing to specifically address all mitigating factors presented by a defendant. *Commonwealth v. Samuel*, 102 A.3d 1001, 1007 (Pa. Super. 2014). If the record as a whole reflects that the trial court considered the facts of the crime and character of an appellant, the Superior Court "cannot re-weigh the sentencing factors to achieve a different result." *Crump*, 995 A.2d at 1283.

6

Finally, when the sentencing court takes into consideration a Pre-Sentence Investigation Report, as the trial court did in the present case, our Superior Court has noted as follows:

> Since the sentencing court had and considered a presentence report, this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case . . . where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Commonwealth v. Fowler*, 893 A.2d 758, 766-67 (Pa. Super. 2006) (quoting *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)) (citation omitted).

## DISCUSSION

In the present case, the record clearly demonstrates the trial court relied heavily on all information contained in the PSI Report before imposing sentence. (N.T.S. at 17). Thus, pursuant to *Fowler, supra,* there is a presumption the Court was aware of all relevant information regarding Appellant's character to support the sentence imposed. As such, the trial court's sentence of two and one half (2 ½) years to five (5) years incarceration on Information Number 2834-2013 was not manifestly excessive, nor was it an abuse of discretion.

Prior to imposing sentence, the Court confirmed with Appellant and his counsel that all pertinent information contained in the PSI Report was accurate. (N.T.S. at 2-4). The Court then considered that information, including Appellant's family and mental health history. *Id.* at 17. The Court noted Appellant has a history of depression and bipolar disorder beginning at the age of 35. *Id.* The Court also noted that Appellant completed anger management training in 2010, but it further noted the training apparently did not help since Appellant was subsequently convicted of multiple counts of simple assault and terroristic threats. *Id.*

7

The Court considered Appellant's drug and alcohol history, including the fact that Appellant attended numerous inpatient treatment facilities between the ages of 34 and 45. (N.T.S. at 17). This treatment has not been successful long-term, as Appellant's most recent violent crimes were committed while Appellant was under the influence. *Id.* at 14, 17-18. Moreover, the most recent violations included a failure to report for drug testing on several occasions and admitting to the use of cocaine. *Id.* at 22. The Court also considered Appellant's evaluation and treatment records which were contained within the PSI Report. *Id.* at 18.

The Court noted that Appellant is 51 years old, an age of sufficient maturity to understand the significance of his acts. (N.T.S. at 18). It also noted Appellant completed 11th grade before dropping out of school, but later obtained his GED in 2003 while incarcerated in Delaware County. *Id.* at 18-19. The Court considered Appellant's ability to read, write, and understand the English language, noting there is nothing to indicate a lack of intellectual ability that would prevent Appellant from understanding the significance of his acts or that his conduct was wrong. *Id.* at 19. The Court also considered Appellant's work history. *Id.*

The Court considered the gravity of the original offenses for which Appellant was convicted and was before the Court for violating, as they related to the impact on the life of the victim and/or the community. (N.T.S. at 19). These offenses occurred in May of 2013, where on two separate occasions Appellant physically assaulted the same victim, he caused visible bruising, and he threatened to kill her. *Id.* at 14, 19.

The Court considered the nature and circumstances of Appellant's most recent probation and parole violations, as well as his past overall conduct while on court supervision. (N.T.S. at 17). Appellant previously violated probation and/or parole on other dockets in January 2005,

8

April 2005, July 2007, February 2010, and June 2011. *Id.* at 21. Appellant's sixth and current violation occurred in June 2015, based on Appellant's failure to report for drug testing on several occasions, traveling more than 30 miles from his place of residence without permission, using cocaine on at least three occasions, using a chemical agent with the intent to adulterate a urine sample, and failing to report to several appointments with his probation officer. *Id.* at 21-22.

Although this was Appellant's first violation hearing on the present case, and counsel argued that Appellant should be given credit for the fact that 1½ years elapsed from parole on January 10, 2014 to issuance of the present capias in June 2015, the Court noted there were multiple violations over an extended period of time, and Appellant could have been violated as early as 2014 but for the repeated unsuccessful attempts at rehabilitation made by his probation officer. (N.T.S. at 8-9, 16-17, 21). Appellant would not accept that help. *Id.* at 21.

The Court considered Appellant's extensive criminal record dating back to 1997. (N.T.S. at 20-21). Appellant has appeared in court on 20 separate occasions for new criminal offenses, including eight separate occasions for crimes of violence.[4] *Id.* The Court also noted that the original negotiated sentence on Information Number 2834-2013 was below the mitigated range of the sentencing guidelines, and the trial court was very reluctant to accept the plea bargain at

---

[4] August 1997 (Driving Under the Influence of Alcohol and/or Drugs); March 2001 (Simple Assault); October 2002 (Public Drunkenness); November 2003 (Aggravated Assault, Simple Assault); December 2003 (Simple Assault); November 2004 (Driving Under the Influence of Alcohol and/or Drugs, Resisting Arrest, Violation of the Controlled Substance Act); June 2005 (Disorderly Conduct); October 2005 (Driving Under the Influence of Alcohol and/or Drugs); May 2006 (Simple Assault); January 2007 (Violation of the Controlled Substance Act); June 2007 (Simple Assault, Recklessly Endangering Another Person); February 2008 (Larceny); March 2009 (Disorderly Conduct); June 2009 (Retail Theft); October 2009 (Simple Assault); November 2009 (Receiving Stolen Property); April 2010 (Disorderly Conduct, Restrictions on Alcoholic Beverages); August 2010 (Operating a Vehicle Without Financial Responsibility, Operating a Vehicle Without Inspection, Driving Under Suspension); December 2011 (Disorderly Conduct); July 2013 (Indirect Criminal Attempt, 2 counts of Simple Assault, 3 counts of Terroristic Threats). (N.T.S. at 20; PSI Report).

9

that time because it was extremely lenient.[5] *Id.* at 21. Although the plea was accepted, Appellant was warned of the potential for a state prison sentence if he violated probation or parole given his terrible prior record, crimes of violence, and past failed attempts at rehabilitation. *Id.*

The Court considered Appellant's rehabilitative needs, finding there was little to indicate he has made any effort to change his lifestyle or that Appellant is amenable to treatment or rehabilitation.[6] (N.T.S. at 21). Most troubling, the Court noted that even after Appellant's most recent violations he was not initially incarcerated. *Id.* at 22. Despite this significant break, and after being warned at sentencing that a violation could result in his incarceration at state prison, Appellant continued to violate probation by failing to report as instructed five times, continuing to travel outside the 30-mile restricted limit, and testing positive for cocaine. *Id.* at 9-10, 22.

The Court considered comments made by Appellant's counsel, who argued for a lesser sentence because the underlying violations were technical in nature and not based on the commission of a new crime. (N.T.S. at 7). However, as noted, Appellant's numerous and repeated flagrant technical violations were indicative of an inability to reform. Consistent with *Carver*, *Carrillo-Diaz*, and *Ortega*, *supra*, the trial court acted within its discretion in imposing a state prison sentence for Appellant's numerous and repeated technical violations. Moreover, as

---

[5] With a prior record score of "5," the standard range of the sentencing guidelines provided for a minimum jail sentence of between 6-16 months. *See* Sentencing Guidelines Worksheet. The mitigated ranged of the sentencing guidelines called for a minimum jail sentence of at least 3 months. *Id.* Rather than face incarceration, including the potential for a state prison sentence within the standard range of the sentencing guidelines, Defendant was placed on probation for each of the three counts.

[6] At sentencing, Appellant's counsel noted that Appellant had completed some conditions of his original sentence, including a domestic violence evaluation and drug and alcohol counseling. (N.T.S. at 10-11). Furthermore, while incarcerated on this violation Appellant completed the 2-1 block, Promoting Responsible Fatherhood Program, and Beginning in the Right Direction Program. *Id.* at 11. However, those limited accomplishments were greatly outweighed by Appellant's multiple and repeated probation violations, extensive criminal record, and history of failed attempts at rehabilitation.

10

in *Schutzues, supra,* the trial court did not abuse its discretion in imposing what Appellant considers to be a seemingly harsh post-revocation sentence, where Appellant originally received a lenient sentence and then failed to adhere to the conditions imposed on him.

The Court also considered comments made by Appellant, who acknowledged he was not taking his probation seriously, as well as the assault victim, the prosecutor, and Appellant's probation officer, who stated in a report that Appellant has exhibited a history of failing to comply with the rules and regulations of probation. (N.T.S. at 13-15, 16, 18, 22-23).

Finally, the Court considered confinement that was consistent with protection of the public, the penalties authorized by the Pennsylvania Legislature for the crimes committed, as well as the guidelines of the sentencing Code. (N.T.S. at 18, 23).

Because probation and parole have proven to be ineffective rehabilitation tools, and Appellant is not amenable to treatment or rehabilitation outside a correctional facility, this Court found that a sentence of total confinement was necessary. (N.T.S. at 23). Furthermore, the Court noted that Appellant's conduct over an extended period of time has demonstrated he is a danger to society, and he is likely to commit another crime if not incarcerated given his extensive prior contact with the Court and previous failed attempts at rehabilitation.[7] *Id.* at 23. Finally, and

---

[7] Counsel argued that pursuant to 42 Pa. C.S.A. § 9771 (c), in determining whether Appellant's conduct indicates he is likely to commit another crime if he is not imprisoned, the relevant inquiry should only be on the current period of probation where Appellant has not been charged with a new crime. (N.T.S. at 7-8). However, counsel acknowledged that Appellant does have a history of committing new crimes while on probation or parole. *Id.* Thus, the Court found that this history was relevant to the inquiry, and Appellant's most recent violation should not be considered in a vacuum. *Id.* By way of further explanation, the Court would note that Appellant's most recent technical violations included the possession and use of cocaine on several occasions, which by itself constitutes the commission of a new crime. Furthermore, the record shows that Appellant has a history of violent and assaultive behavior when using drugs or alcohol, as he was doing under the most recent supervision. Assuming, *arguendo,* Appellant is correct in his assertion, the record clearly supports the sentence imposed because, as stated, incarceration was essential to vindicate the authority of the Court. *See* 42 Pa. C.S.A. § 9771 (c).

11

perhaps most importantly, this Court found that Appellant has shown a total disregard for his probation officer, the court, and the criminal justice system. *Id.* at 23-24. Therefore, incarceration was essential to vindicate the authority of the Court, and a lesser sentence would depreciate the seriousness of Appellant's conduct. *Id.* at 24.

For these reasons, Appellant's sentence was not manifestly excessive, it was not an abuse of the Court's discretion, it was clearly reasonable, and under the circumstances it was consistent with protection of the public, the gravity of the offenses, and the rehabilitative needs of Appellant. Furthermore, the sentence was not contrary to the fundamental norms underlying the sentencing process and there is absolutely no evidence to support Appellant's assertion that the sentencing Judge had any bias against Appellant.

## CONCLUSION

42 Pa. C.S.A. § 9771 gives the Court the power to revoke Appellant's probation and impose a sentence of total confinement when such a sentence is essential to vindicate the authority of the court. As the record clearly demonstrates, the sentence in the present case was based on information contained in the PSI Report and was essential to vindicate the authority of the court, due to Appellant's extensive criminal record, repeated flagrant violations of probation and/or parole, and his refusal or inability to reform. Therefore, Appellant's appeal should be denied and the judgment of sentence affirmed.

BY THE COURT:

DONALD R. TOTARO, JUDGE

Date: January 14, 2016

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

Jacquelyn E. Pfursich
Clerk of Courts

12

ATTEST:


cc:     Lancaster County Office of the District Attorney
        Chad W. Zimmermann, Esquire, Defendant's Counsel