Cormican et al. *v.* Menke et al., Appellants.

Argued November 30, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*J. S. Conwell,* with him *Layton M. Schoch,* for John A. Menke, appellant in Nos. 283 and 284.—The accident as to the defendant, John A. Menke, was unavoidable and there was not sufficient evidence of any negligence on his part: Krewson v. Sawyer, 266 Pa. 284; Stroh v. Holmes, 83 Pa. Superior Ct. 129; Farne v. Lighting Co., 275 Pa. 444; Dunmore v. Padden, 262 Pa. 436.

The accident resulted proximately from causes and conditions beyond the control of this defendant: Gaupin v. Murphy, 295 Pa. 214; Hayes v. Schomaker, 302 Pa. 72; Siglin v. Haiges, 95 Pa. Superior Ct. 585.

The circumstances effecting the liability of defendant were binding on the minor plaintiff and convicted him of contributory negligence.

*Raymond A. White,* with him *Maurice W. Sloan,* of *Sloan, White & Sloan,* for Miller Quaker City Trucking Co., Inc., appellant in Nos. 285 and 286, cited: Anderson v. Pittsburgh, 251 Pa. 517; Filer v. Filer, 301 Pa. 461.

*William T. Connor,* with him *John R. K. Scott* and *Francis J. Walsh,* for appellees, cited: Grimes v. R. R., 289 Pa. 320; Galliano v. Electric Co., 303 Pa. 498; Filer v. Filer, 301 Pa. 461; Simrell v. Eschenbach, 303 Pa. 156.

OPINION BY MR. JUSTICE DREW, January 5, 1932:

These appeals are from the action of the court below in overruling separate motions by defendants for judgment n. o. v., and entering judgments on the verdict.

The action is in trespass for the recovery of damages for personal injuries sustained by the minor plaintiff, Peter T. Cormican, and for expenses and loss of services sustained by his parents, Martin and Mary Cormican, as the result of a collision between an automobile owned and driven by defendant, John A. Menke, and a truck owned and operated by the codefendant, Miller Quaker City Trucking Company.

These motions for judgment challenge the evidence supporting the verdict. An examination of the testimony shows the jury might have found from the evidence in favor of plaintiffs and against defendants the following facts:

On April 14, 1929, at about midnight, the defendant, Menke, took the minor plaintiff into his car as a guest at Croydon, Bucks County, and started to drive to Philadelphia. The plaintiff at first sat in the rear seat, but later changed to the front seat, after another guest had

left the car. It was a wet, foggy or misty night. The windshield in front of plaintiff was blurred by the atmospheric condition, but in front of Menke it was kept clear by the windshield wiper, which was operating. The headlights of the car were burning, and it was running at a speed of 18 to 22 miles an hour, on its right side of the road, when it collided with a truck of the codefendant, Miller Quaker City Trucking Company, which was standing still on the road with no lights upon its rear. Menke could see, according to his own testimony, for fifty feet in front of his car, and could have stopped it in ten feet. He did not see the truck until he was within ten or twelve feet of it, when, to avoid the collision, he attempted to pass to the left of the truck, when the left front wheel of his car was deflected by a car rail, which threw his machine against the left rear end of the truck. The Bristol Pike, on which the accident happened, is approximately 24 feet wide, with a strip of concrete eight feet wide on each side of an eight-foot strip of tar and gravel, in which were imbedded car rails, raised slightly above the level of the concrete road. The truck was 10 feet high and six feet nine inches wide, and occupied almost all of the eight-foot strip of concrete road, upon which Menke was traveling. The truck had been standing on the road for about a half hour, unlighted, and without anyone behind it to give notice of its presence. There was testimony (Ruscakiwicz) that, at the time of the collision, it was a little misty and raining, but that a clear vision could be had; also (Hockman) that a vision of 250 feet in front of a vehicle could be had at the time and place of the collision.

These facts, which were established by the verdict of the jury, clearly support the verdict. And on our authorities they show conclusively that both defendants were guilty of negligence.

Menke was convicted of negligence out of his own mouth. His testimony that he did not see the truck un-

til he was within ten or twelve feet of it, and that he was then running at a speed which made it impossible for him to stop his car before reaching the truck, is an admission that he did not have his car under control. It was his duty, operating his car on a wet and foggy night, to have such headlights on it as would enable him to see in advance the face of the highway and to discover obstacles in his path in time for the safety of those riding in his car and of himself, and to keep his car under such control as to enable him to stop and avoid obstructions which fell within his vision, and within the range of his lights. He did not exercise due care under the circumstances.

In Filer v. Filer, 301 Pa. 461, where the facts were very similar to those in this case, Mr. Justice WALLING, delivering the opinion of the court, said, at page 464: "The defendant was required to use ordinary care for the safety of his guest (Ferrell v. Solski, 278 Pa. 565), but was not an insurer (Simpson et ux. v. Jones, 284 Pa. 596), and the mere fact of the accident would not charge him with negligence. A chauffeur, however, must keep in mind that an obstacle may appear in his path and so drive his car as to be able to avoid it, under ordinary circumstances. There was no other vehicle near, and defendant had ample room to avoid the truck. The jury were warranted in finding that the accident resulted from too high speed or negligent control of the car. What would be safe speed in daylight might be very unsafe in a dark and stormy night. A car should be so driven that it can be stopped within the range of its lights. And that is true even when the range is shortened by storm or darkness or both. We hold in Serfas v. Lehigh & New Eng. R. R. Co., 270 Pa. 306 (page 308), that 'It is the duty of a chauffeur traveling by night to have such a headlight as will enable him to see in advance the face of the highway and to discover grade crossings, or other obstacles in his path, in time for his own safety, and to keep such control of his car as will

enable him to stop and avoid obstructions that fall within his vision.' See also Wilton v. Murphy et al., 31 Dauphin Co. R. 310." To the same effect see Mason v. Lavine, 302 Pa. 472, and Simrell v. Eschenbach, 303 Pa. 156, where it was also determined that it is evidence of negligence for a driver of an automobile so to operate his machine in the nighttime as not to be able to stop or avoid any obstacle which may present itself within the range of his lights. The general rule is well stated in 29 C. J. 704: "It is negligence for one to drive an automobile so fast that he cannot stop it within the distance that he can see an obstruction, or within a radius illuminated by its lights."

There is no merit in Menke's contention that he was forced into the truck by the trolley rail, and that the rail was the proximate cause of the accident, acting as an intervening cause. He would not have struck the rail if he had been able to stop within the distance in which he could see the truck. The proximate cause of the accident was the speed at which he was traveling. He was bound to know that he would run into an obstacle which appeared within so short a distance that he could not stop. The natural and probable result of driving an automobile at such speed that one cannot stop in time to avoid a collision, after one sees the obstacle in the road, is the collision with such obstacle. Furthermore, the question of whether the negligence of Menke was the proximate cause of the accident was a question for the jury; by their verdict they found that it was: Henry v. Phila., 264 Pa. 33.

The negligence of the codefendant, Miller Quaker City Trucking Company, was established to the satisfaction of the jury by the testimony of Menke, that there were no lights burning on the rear of the truck at the time of the collision. Such failure to provide a light on the rear of the vehicle was negligence. The truck was standing on a public highway for more than a half hour, at a point removed by 150 yards from the nearest light, on

a dark and rainy night, and no notice was given to those using the highway, by lights or otherwise. This was sufficient evidence to submit the question of negligence to the jury: Bayuk Bros., Inc., v. Wilson Martin Co., 81 Pa. Superior Ct. 195.

Whether the plaintiff acted as a reasonably prudent person under the circumstances could not be determined as a matter of law. The question of his alleged contributory negligence had to be submitted to the jury. The verdict in favor of plaintiff has determined that question, and it is well supported by the evidence. According to the testimony of the plaintiff and Menke, the car was being driven at a speed of between eighteen and twenty-two miles an hour. It was on a straight roadway, and a view could be had for 250 feet or more in front of the car at the place of the collision. Plaintiff's view was obstructed by the blurred condition of the windshield in front of him, but the defendant, Menke, had a clear view from the place where he was riding, by reason of the operation of the windshield wiper. This was known to the plaintiff. A police officer called by the defendants as a witness, and the driver of the truck of the Miller Quaker City Trucking Company, testified a view could be had by the defendant, Menke, for a distance of 200 yards in front of his automobile. Under these circumstances, the question as to whether or not plaintiff joined in the negligence of the driver in testing a known danger was for the jury.

It is settled in this jurisdiction that the negligence of a driver is not imputed to a passenger: Davis v. American Ice Co., 285 Pa. 177; Azinger v. P. R. R. Co., 262 Pa. 242; Minnich v. Easton Transit Co., 267 Pa. 200; Nutt v. P. R. R. Co., 281 Pa. 372. In the Azinger Case, the present Chief Justice stated the rules applicable very explicitly. He said, in speaking for this court: "The rule established by our cases is that when danger arising out of the operation of a vehicle by another is manifest to a passenger who has adequate opportunity to

control the situation, if he sits without protest and permits himself to be driven to his injury, his negligence would bar a recovery. Such negligence is not the negligence of the driver imputed to him as a passenger but his own negligence in joining with the driver in testing manifest danger: Hardie v. Barrett, 257 Pa. 42, and cases there cited. An examination of the cases in which this rule has been applied shows the test of negligence of the passenger is his action or want of action in the face of danger which was manifest or known to him, or which it was his duty equally with the driver to observe. None of the cases goes so far as to hold the passenger is bound to exercise the same degree of care in observing the roadway ahead of him as is required by the driver of the vehicle. To so hold would be to say that every person occupying a position in a vehicle which would prevent a constant view of the roadway ahead is guilty of contributory negligence in the event of an accident that might have been prevented by the exercise of proper care on the part of the driver. ...... The tendency of our decisions is to hold a passenger responsible for his actual negligence in joining with the driver in testing a danger he knows exists, and not for the result of mere inaction in failing to discover dangers of which he is ignorant, but might have discovered had he been giving attention to the roadway ahead of him."

From the facts of the instant case, it cannot be said as a matter of law that the danger which arose out of the operation of this car was manifest to plaintiff, or that he had any opportunity to control the situation, and prevent the accident. The windshield in front of him was blurred, he could not see and did not expect to see, he knew the vision of the driver was not obstructed, and he relied upon him to see the road and keep his car in such control as to be able to stop if necessary within the range of his vision. It cannot be said that he sat still in the presence of an obvious danger and permitted himself to be driven to his injury. He had no reason to

anticipate the presence of the parked truck upon the highway. His inaction, under the circumstances, cannot be said, as a matter of law, to amount to such want of care as to bar his recovery. The extent to which one riding as an invited guest in an automobile should anticipate an impending peril and act in relation thereto depends upon the facts of each case (Nutt v. P. R. R. Co., supra), and is ordinarily a question for the jury: Suchy v. Buff. & L. Erie Trac. Co., 283 Pa. 533; Kilpatrick v. P. R. T. Co., 290 Pa. 288, and cases there cited. When the trial judge submitted to the jury the question of the plaintiff's contributory negligence, under the evidence presented, he gave the defendants all that they could reasonably ask.

The judgments of the court below are affirmed.