## Brown v. Reading Company, Appellant, et al.

Argued January 5, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Wm. Clarke Mason,* for appellant.—A passenger in an automobile which is about to cross a railroad where the view is obstructed or which has stopped on a railroad crossing cannot, without subjecting himself to a well founded charge of negligence, be inert in the face of an obvious jeopardy from which he can escape by ordinary mental alertness and reasonably prompt action: Haller v. R. R., 306 Pa. 98.

The doctrine that a person losing his life must be presumed to have exercised due care has no application where the evidence shows affirmatively the circumstances of the accident to the contrary: Grime v. R. R., 289 Pa.

320; Tull v. R. R., 292 Pa. 458; Joseph v. Ry., 294 Pa. 315; Baxter v. Ry., 264 Pa. 467; Muncey v. Taxi Service Co., 269 Pa. 97.

*Francis M. McAdams,* with him *Frank L. Shallow,* for appellee.—While a presumption is rebuttal it is always a question for a jury when the evidence to the contrary is oral; and this is so even if the oral evidence be uncontradicted: Lamp v. R. R., 305 Pa. 520; Hartig v. Ice Co., 290 Pa. 21.

Plaintiff is entitled to the benefit of the presumption that deceased did his full duty before committing himself to the crossing: Frank v. Reading Co., 297 Pa. 233; Perry v. Ryback, 302 Pa. 560.

Where it is certain that damage has resulted mere uncertainty as to the amount will not preclude the rights of recovery: Darlington v. County, 303 Pa. 288; Baxter v. R. R., 264 Pa. 467.

OPINION BY MR. JUSTICE DREW, February 1, 1933:

Dr. Kenneth S. Brown, a dentist, and the driver of the automobile in which he was riding as a guest, were killed in a grade crossing accident, and his widow brought this action for damages against the railroad company and the executrix of the driver. The jury returned a verdict against the railroad company, which took this appeal from the judgment entered against it, assigning as error the refusal of its motions for a new trial and judgment n. o. v.

The collision occurred on March 26, 1927, about 5:30 in the afternoon, at the intersection of the railroad company's double tracks and School House Lane, in suburban Philadelphia. The crossing was guarded by an automatic crossing signal and by safety gates operated by a watchman. The watchman was in Italy when the case was tried, and the only testimony as to how the accident occurred was given by Antonio Montimore, a lighter of street lamps, whose duties brought him to the crossing

at the time of the accident. This eyewitness, who was called by plaintiff, testified that he first saw the automobile across the tracks from him, standing five or six feet from the crossing gate. This placed the automobile about 40 feet from him, and 17 or 18 feet from the nearest rail, at which place a high embankment obstructed the view of the occupants of the car in the direction from which the train approached. He said he saw the watchman lean from the window of his box and beckon the driver to proceed, that the crossing gates were up, and that after the accident he noticed the automatic signal operating. He further testified that he saw and heard the train approaching, and attempted but failed to get the attention of the driver of the car. He stated that the man next to the driver (plaintiff's husband) "no move at all." The driver started the car across the tracks, and just as it was leaving the last rail of the first track it was struck and overturned by the train, and both occupants were killed instantly.

Appellant contends that this testimony of plaintiff's own witness established that her husband was guilty of contributory negligence as a matter of law, in that he remained inert in the face of a known danger, and thus failed to perform the duty of care required of him under the circumstances. The testimony of the witness does not warrant any such conclusion. Only a few questions before he testified that the man beside the driver did not move, he was asked: "Did you notice the men in the automobile there at the time of the accident or just before?" To this he answered, "Well, I see the driver, and I think it was another man in there, but I can't tell, you know, very sure, because it was about 20 or 25 feet away from me." In view of this apparent contradiction in his testimony, it was for the jury to determine whether plaintiff's husband remained inert in the face of danger. Because of the doubt created by his testimony, the jury was entitled to disregard the statement that decedent did not move. It is presumed that a person killed at a cross-

ing performed the duty of care imposed upon him by law (Zotter v. Lehigh Valley R. R. Co., 280 Pa. 14; Tull v. B. & O. R. R. Co., 292 Pa. 458; Frank v. Reading Co., 297 Pa. 233; Ehrhart v. York Rys. Co., 308 Pa. 566), and this presumption that one killed in an accident exercised due care for his own safety applies to one riding in an automobile as a guest: Johnson v. Hetrick, 300 Pa. 225; Perry v. Ryback, 302 Pa. 559. The lamp lighter's testimony was clearly not sufficient to rebut this presumption as a matter of law and entitle appellant to binding instructions. Furthermore, it is settled law in this jurisdiction that negligence of the driver of an automobile will not be imputed to a guest: Cormican v. Menke, 306 Pa. 156, and cases there cited.

Plaintiff testified as to the sums contributed by her husband to her support, and stated that he had no source of income except his profession. However, it was shown that at the time of his death he owned a small amount of securities. From this appellant contends, as a reason for a new trial, that his contributions to plaintiff's support may have come, in part at least, from income from these securities, and that since there was no evidence as to the amounts he received from his profession and his investments, it was impossible for the jury to determine the extent to which plaintiff had been deprived of support by the death of her husband. This contention is not sustained by the facts of the case. There is nothing in the record to show that decedent received any income whatever from these securities. The investment was small, and when the securities were sold in 1928 by decedent's executor, the sum realized was only $82.22, over and above the amount of a loan for which they were pledged. These facts indicate that decedent's income, if any, from his securities was so small as to be almost negligible. Indeed, plaintiff's testimony that her husband had no source of income other than his profession was not necessarily contradicted by the evidence that he owned this small amount of securities. The plaintiff's

testimony was sufficient to indicate decedent's earning power and the amount of support she received from him, and to form a sound basis for the verdict in her favor.

Judgment affirmed.