## Fingeret et al., Appellants, v. Mann.

Argued April 2, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*Julius L. Schoenberg,* for appellants.

*Samuel W. Pringle,* of *Dalzell, McFall & Pringle,* for appellee.

OPINION BY MR. JUSTICE DREW, May 13, 1935:

This action in trespass was brought by Joseph Fingeret and Eunice Fingeret, husband and wife, to recover compensation for injuries alleged to have been sustained by Mrs. Fingeret when the automobile in which they were seated was struck from the rear by that of defendant. The jury found for defendant, and from the judgments entered in his favor plaintiffs appealed.

The accident occurred between Sewickley and Pittsburgh on the Ohio River Boulevard, a four-lane main highway forty feet wide between curbs, about 7 : 30 p. m. on January 20, 1931. At the time of the accident it was dark, there were flurries of snow, and the visibility was only about 40 to 100 feet. Fingeret testified that he had to stop his car because the highway was partly blocked by another car which was being pushed to the side of the road by several men, and that he had been stopped for about two minutes when the accident occurred. He stated that he could not pass to the right because the car was being pushed in that direction and that he was afraid to pass to the left because of possible oncoming traffic. According to his testimony the roadway was slippery and only a short distance ahead was the crest of a slight hill. He said that when he got out of his car to see what damage had been done he observed that his rear light was burning.

Defendant testified that he saw the Fingeret car when he was 40 or 50 feet away from it, but was unable to stop

in time on account of snow on the highway, which caused his wheels to slide and skid. He stated that he "didn't notice any car being pushed at the time," and that there was no car parked in front of that of plaintiffs' when he stopped, though he said there were several cars at the curb. He further testified that he did not recall any light on the rear of the Fingeret car, adding, however, "There might have been a parking light, but not the kind when the brake is applied."

The trial judge charged the jury that they might properly find either or both plaintiffs guilty of contributory negligence. His action in so doing has been assigned as error by plaintiffs, who contend that under the evidence a finding of contributory negligence cannot be supported and that, therefore, the question should not have been submitted. We think that, so far as Fingeret is concerned, it was proper for the trial judge to submit to the jury the question of contributory negligence. Defendant testified that at the time of the collision there was no car in front of that of plaintiffs', and, if this was true, it would be for the jury to determine whether or not, under the circumstances existing at the time, a reasonably prudent man would have had his car standing in the highway. The trial judge expressly charged the jury that if plaintiff stopped for the reason he gave, he was acting with due regard for the safety of others. He could not justly expect a more favorable charge than this.

We are convinced, however, that the trial judge was in error in instructing the jury that they might properly find Mrs. Fingeret guilty of contributory negligence. She was a guest in the car, and it is well settled that negligence of the driver is not to be imputed to a guest (Cormican v. Menke, 306 Pa. 156, and cases there cited; Brown v. Reading Co., 310 Pa. 516), even though the guest is the wife of the driver: Rodgers v. Saxton, 305 Pa. 479. There is no proof whatever that the parties were engaged in a joint enterprise. Mrs. Fingeret would of course be barred by any negligence of her own, but as a guest in the

car she was not bound to the same degree of care as the driver (see Alio v. P. R. R. Co., 312 Pa. 453), and there is no evidence in the case from which any breach of duty on her part could be inferred. The attending circumstances were such that it would be unreasonable to expect her, in the limited time between the stop and the collision, to interfere in the management of the car. This error in the charge requires a reversal of the judgment against her.

In the appeal of Joseph Fingeret, the judgment is affirmed; in the appeal of Eunice Fingeret, the judgment is reversed and a venire facias de novo awarded.