## Solomon, Appellant, *v.* Lehigh Valley Railroad Company.

Argued January 4, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Israel Krohn,* for appellant.

*Edward J. Fox, Jr.,* with him *Fox & Oldt,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, March 19, 1945:

This is an appeal from the refusal of the court below to take off a compulsory non-suit in an action of trespass. The defendant owns a single track industrial spur railway which is parallel with Bushkill Drive in Easton, and which crosses at grade the public road leading from the Drive first south and then eastward to property lying between the railroad right-of-way and Bushkill Creek. Plaintiff drove his truck loaded with "junk" northward along the road toward Bushkill Drive, which

he intended to cross, after he had crossed the tracks (the Drive being about 6 feet north of the tracks), and, before committing himself to the railroad crossing, he stopped 10 feet south of the tracks and looked to the right, i. e., eastward. He saw a locomotive standing on the spur at a distance of about 500 feet from the crossing. He then proceeded to cross the track, and when half way across, he saw three motor vehicles approaching on the Drive from his right, at a distance of 50 feet. He said he stopped his truck for "about a minute," waiting for the automobiles to pass, and while his car was thus stopped he was struck by the defendant's engine and pushed westwardly along the track for a distance of about 100 feet. He said that though he listened he heard no warning of the train's approach other than the sounding of the bell when the engine was on top of him. Two of his witnesses testified that they heard no bell but each heard a single blast of the whistle when the engine was coming approximately 500 feet from the crossing. At the close of the plaintiff's case, defendant moved for a compulsory non-suit for the reason that the plaintiff failed to establish negligence on the part of the defendant, and for the further reason that he failed to produce a case free from contributory negligence. The motion was granted.

Though plaintiff gave as his reason for stopping, the fact that a truck and two cars were approaching from his right on the highway; the nearest vehicle was about 50 feet from the crossing and they were spaced 25 feet apart. These vehicles were traveling in the northern lane of the highway, which is 18 feet in width. Nothing was traveling east in the southern lane of the highway, nearest the plaintiff. Appellant kept his truck straddling the track in order to permit the truck and two cars to go west. Nothing prevented him from driving off the track onto the highway and turning east in the empty lane, except his desire to cross the Drive and go northeast to the gas station in order to get gas. Plaintiff testi-

fied that he stopped on the crossing to let the other cars pass, "maybe a minute," though on cross examination he said he remained on the tracks "about a second, just enough for them to pass me." He admitted that the country about there was "open," so apparently nothing obscured his vision, as the day was clear. In cross examination he gave an affirmative answer to this question: "If you had looked to your right along the track you could have seen the train on every foot of that five to six hundred feet as it came toward you, couldn't you?" He was then asked: "You have no explanation to make as to why you didn't see it as it came up to the crossing?" He answered: "While I was waiting the truck and two cars were coming."

Plaintiff charged the defendant with negligence in running the engine, with a few cars attached, at a high rate of speed and with not blowing a whistle or ringing a bell.

The only evidence as to the speed of the train was the testimony of the plaintiff's witness, Robert Manieri, a boy 16 years of age. At the time of the accident he was working on the roof of a building on the Bushkill Drive near the crossing. From this point he "saw the engine with cars, standing about 500 to 600 feet from the crossing." A couple of seconds after it started to move he heard it give out a whistle blast. He estimated the speed of the train to be about 30 miles per hour at the time it collided with the truck. He did not see the truck at the time the engine started. He said that at the time the locomotive ran into the truck both front wheels of the latter were clear of the tracks.

Since it was shown that the train was within the view of the plaintiff for a distance of 500 feet, its speed could have played only a very minor part, if any, in this accident. The engine certainly could not have developed a high rate of speed immediately after it started. It was manifestly the duty of the plaintiff to see the approaching train and get out of its way. In *Ealy v. N. Y. Central*

*R. R. Co.,* 333 Pa. 471, 5 A. 2d 110, we said: ". . . before a jury may consider whether a particular rate of speed constitutes negligence, there must be evidence of special circumstances that renders such speed excessive. A high rate of speed, even at public crossings, is not negligence per se, and no inference of negligence may be drawn from the fact alone of the rapid movement of a railroad train."

The non-suit was properly granted on both grounds. No negligence against the defendant was proved and plaintiff was guilty of contributory negligence. Had he used his senses, he could not have failed both to hear and see the approaching train. If he omitted to use them, and drove thoughtlessly upon the track and remained there, he deprived himself of any right to complain of this defendant. See *Hawk et ux. v. Pennsylvania R. R.,* 307 Pa. 214, 160 A. 862.

The judgment is affirmed.