## Friedrich *v*. Baltimore & Ohio Railroad Company, Appellant, et al.

Argued September 30, 1948. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Vincent M. Casey,* with him *Margiotti & Casey,* for appellant.

*John E. Evans, Sr.* and *S. M. Chilcote,* with them *Robert B. Ivory, H. A. Robinson, Evans, Ivory & Evans* and *Dickie, Robinson & McCamey,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, November 8, 1948:

Ollie Friedrich, appellee, instituted this action in trespass against the Baltimore & Ohio Railroad Company, appellant, and Harvey Stickler, to recover dam-

ages for injuries sustained by him while a passenger in the automobile of Harvey Stickler, when the automobile was struck by one of appellant's engines traveling at an excessive rate of speed and without having given warning of its approach. Atlantic & Pacific Tea Company, employer of appellee, and Harvey Stickler, was brought upon the record as an additional defendant. At the trial of the case appellant's motion for a compulsory nonsuit was overruled and its point for binding instructions in its favor was refused. The jury returned a verdict in favor of appellee and against appellant alone. This appeal is from the refusal of appellant's motion for judgment *non obstante veredicto* and for a new trial, and the entry of final judgment against it.

Ollie Friedrich, appellee, and Harvey Stickler were employed by Atlantic & Pacific Tea Company as carpenters. On September 30, 1946, about 7:00 A.M. they were going toward Clarion, Pennsylvania, in Stickler's automobile. In Clarion they were to alter one of the Atlantic and Pacific stores. Stickler had driven to appellee's home in Aetna. Both men were occupying the front seat of Stickler's car and the latter was driving. They proceeded along Mt. Royal Road which runs in a north and south direction and crosses the double tracks of appellant railroad at a 30-degree angle. The width of the crossing between the first rail on the eastbound track and the farthest rail on the westbound track is 17 feet 9 inches. Five hundred feet to the east of the crossing the railroad track curves northeasterly.

The streets were dry and visibility was good. The Stickler car stopped at the crossing about five feet from the tracks. Both men observed that no train was in sight. Friedrich, in answer to an inquiry by Stickler, replied it was all right to proceed. Stickler thereupon proceeded in low gear and not in excess of 5 miles per hour because the crossing was very rough. When the front end of the car was on the first rail of the eastbound track, appellee looked to his left, saw nothing, then

turned around and looked to the right. When the front end of the car was near the southern rail of the westbound track, appellee observed an engine coming around the curve 500 feet distant. He immediately shouted to Stickler, "Harvey, here comes a train." Stickler turned his head toward the direction of the train but did not increase the speed of his car. No warning whistle was sounded nor any signal given by appellant. The train continued to approach the crossing at an estimated speed of 50 to 60 miles per hour.

Friedrich continued to observe the approaching engine from the moment it was first seen by him until it struck the rear of the car. He could not get out of the car without stepping in front of the oncoming engine. The car had almost crossed the second north rail on the westbound track when it was struck. As a result of the impact, appellee sustained the injuries for which suit was brought.

Appellant contends that (1) it was not negligent, but, if it were, the asserted negligence was not the proximate cause of the accident; (2) appellee having actively aided in controlling the automobile was guilty of contributory negligence as a matter of law in failing to act for his own safety; and, (3) the trial judge committed fundamental error in his charge as regards (a) appellant's negligence, and (b) liability over in favor of Atlantic & Pacific Tea Company and against Stickler in the event of a verdict against Atlantic & Pacific Tea Company.

Appellant argues that appellee failed to establish that the engineer was negligent. It contends that evidence of speed alone does not establish negligence, that the failure of the engineer to signal the approach of appellant's engine was immaterial, since appellee had sighted the engine as it rounded the curve, and, that the failure of appellee and Stickler to increase speed and safely cross the tracks rather than the speed of the engine was the proximate cause of the accident. This

contention cannot be sustained. All of the cases relied upon by appellant where this Court held that there was no negligence concerned speed alone. See *Solomon v. Lehigh Valley Railroad Company*, 351 Pa. 302, 41 A. 2d 664; *Ealy v. New York Central Railroad Company*, 333 Pa. 471, 5 A. 2d 110; *Haller v. Pennsylvania Railroad Company*, 306 Pa. 98, 159 A. 10. Here there is, in addition to speed, a failure to signal its approach: *Kelly v. Director General of Railroads*, 274 Pa. 470, 479, 118 A. 436. Under the circumstances of this case the jury might well have found that the failure to signal an approach, when coupled with speed and the failure to reduce that speed when the vehicle in which appellee was a passenger was in full sight, constituted negligence and that that negligence was the proximate cause of the accident. The jury would have been justified in concluding that had appellant properly signaled its approach and operated at a reasonable speed the accident would have been avoided.

Contributory negligence of a guest will not be declared as a matter of law unless in the face of known or obvious danger he has exhibited disregard for his own safety and made no effort to control the operation of the vehicle: *Kilpatrick v. Philadelphia Transit Co.*, 290 Pa. 288, 138 A. 830; *Anstine v. Pennsylvania Railroad Company*, 342 Pa. 423, 430, 20 A. 2d 774. He may not sit idly by and permit himself to be driven carelessly to his injury where there are dangers reasonably manifest and known to him: *Landy v. Rosenstein*, 325 Pa. 209, 214, 188 A. 855. The guest and driver of a car are ordinarily not held to the same responsibility: *Azinger v. Pennsylvania Railroad Company*, 262 Pa. 242, 249, 105 A. 87. The negligence of the guest must depend upon action or inaction after knowledge of existing dangers, not upon possible dangers, which might have been discovered. "The test of negligence of the passenger is his action or want of action in the face of danger which was manifest or known to him, or which it was his duty

equally with the driver to observe: *Cormican v. Menke*, 306 Pa. 156, 163": *Bynon v. Porter*, 336 Pa. 441, 443, 9 A. 2d 357. See *Garis v. Lehigh & New England Railroad Company*, 324 Pa. 149, 188 A. 76.

Friedrich was aware of the railroad crossing and of the potential dangers incident thereto. He was familiar with the crossing in question. He was, therefore, charged with a duty to stop, look and listen, and to continue to look and listen, constantly exercising the reasonable care until the vehicle in which he was riding had passed safely over the tracks: *Burkman v. Anderson*, 324 Pa. 206, 210, 188 A. 287. Cf. *Minnich v. Easton Transit Co.*, 267 Pa. 200, 206, 110 A. 273.

The evidence when viewed most favorably to appellee and all evidence to the contrary rejected (*Kissell v. Motor Age Transit Lines, Inc.*, 357 Pa. 204, 206, 53 A. 2d 593; *Ashworth v. Hannum*, 347 Pa. 393, 395, 32 A. 2d 407) does not establish appellee to have been guilty of contributory negligence as a matter of law. The car was stopped before entering the tracks. Friedrich looked and listened, and having observed that no train was approaching informed Stickler that it was "O. K." He continued to look and listen as the vehicle proceeded to cross the tracks and observed appellant's engine coming around the curve at a high rate of speed without having signaled its approach. He immediately informed Stickler of the approaching engine and observed Stickler turn his head in the direction of the oncoming engine. He continued to observe the approaching danger until the very moment of impact. He did not sit idly by with full knowledge of the danger and fail to warn the driver. See *Morningstar v. North East Pennsylvania R. R. Co.*, 290 Pa. 14, 137 A. 800.

Whether, under the circumstances, appellee did what a reasonably prudent person should have done for his own safety, was a question for the jury. It has found that further action on his part in the way of further advice to Stickler or remonstrance at the failure to in-

crease the speed of the vehicle was not required of a reasonably prudent person. This finding cannot be held arbitrary or capricious. Especially is this true where, as here, Friedrich had already informed the driver of the approaching engine and had reason to believe, not only that Stickler heard his warning and would act pursuant thereto, but that the car would safely cross the remaining distance ahead of the engine. "Frequent admonitions and constant interference with the driver might increase rather than diminish the danger: Davis v. American Ice Co., 285 Pa. 177, 185": *Bynon v. Porter*, supra, 444. See *Landy v. Rosenstein*, supra, 213.

The portions of the charge of the trial judge assigned as error have been carefully considered and reveal no prejudicial error.

Judgment affirmed.