## Guyler, Appellant, *v.* Lehigh Valley Railroad Company.

Argued March 7, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Paul R. Orrson,* with him *Nathan Hyman,* for appellant.

*John C. Phillips,* for appellee.

Opinion by Arnold, J., July 15, 1949:

Plaintiff appeals from the refusal of the court below to take off the compulsory nonsuit entered in an action of trespass.

Giving the plaintiff the benefit of all reasonable inferences and deductions, his evidence established: At about midnight on a dark and misty night the plaintiff was driving his automobile along the Susquehanna river on a road which crossed defendant's tracks at grade. Plaintiff's car slipped off the edge of the road and stalled, the front wheels being against the rails of the defendant. The car could not be extricated by its own power, and plaintiff obtained the assistance of one Thomas, who lived nearby, but their efforts to move the car were unavailing. The front and rear lights of plaintiff's car were burning, but the automobile was at right angles to the rails, so that the rays of light were not reflected up or down the tracks. Plaintiff, seeing the reflection of the headlight of a train approaching from the direction of Tunkhannock, seized a flashlight and went toward the train approximately 150 yards, and attempted to "flag" it with the light. Likewise Thomas went up the tracks and waved a white handkerchief. Defendant's train rounded a curve which was "approximately 400 yards" from the grade crossing and the stalled car, for which distance the tracks were straight. The train was travelling approximately "50 miles per hour" and struck

the automobile and came to a stop at a point 1000 feet beyond the grade crossing.

This was the sum total of plaintiff's proof of defendant's negligence.[1] It was insufficient. This was not a case of an engineman having knowledge,—and sufficient time to act upon it,—that a vehicle had stopped or stalled upon a crossing which he was approaching. Cf. *Tallman v. Reading Company*, 117 Pa. Superior Ct. 148, 177 A. 228. There was no evidence that the signals were given at a time when the train could be stopped before reaching the crossing. The evidence did not show how far, on this dark and misty night, the flashlight and the handkerchief could be seen. There is no evidence that the train did or did not slacken its speed after reaching a point where the signals should have been seen. We have nothing in this case except that a train running at 50 miles per hour passed the plaintiff and Thomas, who, at a point 150 yards from the crossing, were signalling the train to stop. The crossing itself was in open country and no negligence could be predicated on the alleged speed of the train: *Ealy et ux. v. New York Central Railroad Company*, 333 Pa. 471, 5 A. 2d 110; *Custer v. Baltimore & Ohio Railroad Company*, 206 Pa. 529, 55 A. 1130; *Solomon v. Lehigh Valley Railroad Company*, 351 Pa. 302, 41 A. 2d 664. In *Naugle v. Reading Company*, 145 Pa. Superior Ct. 341, 345, 21 A. 2d 109, cited by appellant, there *was* evidence from which the jury could infer that no attempt was made to stop the train until after the collision, *and that it could have been stopped before the train reached the crossing.* There the evidence was that the defendant's engineer knew of the presence of the automobile on the tracks, that he saw or should have

---

[1] Plaintiff pleaded that the negligence was ". . . (c) Defendant failed to stop its train before striking and colliding with Plaintiff's automobile; (d) Defendant failed to heed the warning given by the Plaintiff both by calling Defendant's stations and by endeavoring to flag said train 75 *feet* before it came in contact with Plaintiff's automobile". (Italics supplied.)

seen it when his train was at such a distance therefrom that it could have been stopped, and that the engineer neglected to stop until after the accident occurred. Appellant also cites *Broad v. Pennsylvania Railroad Co.,* 357 Pa. 478, 55 A. 2d 359, but there the evidence showed that the truck of the plaintiff was visible for a distance of 1050 feet from the crossing, that the train did not slacken its speed before the collision, *and that the engineer could have stopped the train before reaching the crossing.*

Plaintiff asserts that Thomas attempted to call defendant's train dispatcher at Tunkhannock and talked to someone, warning him of the stalled automobile. But there is no testimony showing when the call was made with reference to the time of the accident, nor that it was made in time for the dispatcher at Tunkhannock to stop the train.

Order affirmed.