FLYNN, Plaintiff-Appellant, v. LITTLE, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23788.   Decided March 20, 1957.

Charles C. Redmond, Owen C. Neff, for plaintiff-appellant.

McConnell, Blackmore, Cory, Burke & Kundtz, for defendant-appellee.

(HUNSICKER, PJ, STEVENS and DOYLE, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, PJ.

John P. Flynn, the appellant here, brought an action in the Common Pleas Court of Cuyahoga County against Patricia Little, the appellee here, for personal injuries received when traveling on the Pennsylvania Turnpike near the town of Ephrata, Pennsylvania.

John Flynn and two other young men were riding with three girl friends from New York to Cleveland, Ohio, on the Pennsylvania Turnpike on April 12, 1952. The automobile in which they were riding, a Plymouth Station Wagon, was owned by C. P. Wright & Co. One of the young ladies was Geraldine Wright, the daughter of the president of C. P. Wright & Co. She was later married to Mr. Flynn.

At the time of the occurrence giving rise to the action brought in the trial court, Patricia Little, the appellee, was driving the station wagon, and John P. Flynn was resting, by lying on a mattress back of the rear seat.

For a period of ten or fifteen minutes preceding the accident, there was a very hard rain. The windshield wiper was put into operation, and shortly thereafter Miss Little saw a small tan object with legs, which she said she thought was a dog, moving from the left side of the road across her path; she said it appeared to be up in the air. It was either a rabbit, a skunk, or some other small animal such as are frequently seen on the country highways.

Miss Little suddenly swerved the automobile to the right, thereby losing control of the car on the wet highway, causing it to strike the right guardrail. The car came to rest in the center strip of the turnpike. Mr. Flynn was thrown out of the car and down a steep embankment to the right of the road, thereby suffering very severe injuries.

The testimony on the question of the speed at which the car was being driven, for five or ten minutes preceding the accident, is in very sharp conflict. Miss Little and the defense witnesses place the range of speed at 50 to 60 miles an hour. Mr. Flynn and his witnesses put the range of speed at which the car was being driven, immediately prior to the accident, at 60 to 75 miles an hour. It is conceded that, as a result of protests given to Miss Little, she did reduce the speed shortly before the accident. The extent of the reduction is disputed.

There is also a great conflict in the testimony concerning protests and warnings given to Miss Little to slow down. Mr. Flynn says he did protest, although Mrs. Flynn, then Geraldine Wright, said she did not recall hearing him protest the speed. Miss Little was hard of hearing, but she said she did hear another passenger, one Carol Hoff, who was sitting beside her in the front seat, warn against her driving so fast. It was then she reduced her speed to 50 to 55 miles an hour.

There was also shown to be some conflict on the above subjects in the testimony given by way of deposition by Mr. Flynn, and the testi-

mony he gave in the trial court. He said he was "very uneasy" for five minutes before the accident, for he thought Miss Little was driving at a "dangerous" rate of speed, although during this period of time he said nothing to her concerning the speed at which she was driving.

A trial resulted in a jury verdict in favor of Miss Little. It is from the judgment rendered on the verdict that an appeal on questions of law is lodged in this court.

Mr. Flynn says:

"1. The trial court committed prejudicial error against the plaintiff in the rejection of special written requests to charge before oral argument offered by the plaintiff.

"2. The trial court committed prejudicial error against the plaintiff in the granting of special written requests to charge before oral arguments presented by the defendant over the objection of the plaintiff.

"3. The trial court committed prejudicial error against the plaintiff in the general charge.

"4. The verdict and the judgment thereon are contrary to the manifest weight of the evidence.

"5. The trial court committed prejudicial error against the plaintiff in the exclusion of evidence offered by the plaintiff.

"6. The trial court committed prejudicial error against the plaintiff in the admission of evidence offered by the defendant over the objection of the plaintiff timely made.

"7. Other errors apparent on the face of the record."

In the consideration of this case, it should be pointed out that the substantive law of the state of Pennsylvania must be applied. The adjective law or procedural law is, of course, the law of Ohio.

We shall consider the claims of error in the order set out above.

The trial court was asked to give the following charge before oral argument, which request was refused:

"Request No. 12. The court instructs you that one who is operating a vehicle upon the highway is under a duty to be continuously alert to perceive any warning of danger that is reasonably likely to exist, and to have one's vehicle under such control that injury to persons or to property can be averted, and his failure to operate the vehicle in that manner constitutes negligence."

If this request was responsive to any issue raised by the pleadings, the proved facts and the rules of law necessary for their determination, the court was obliged to give it to the jury before the oral argument. **Discount & Deposit State Bank v. Lett, et al., 5 Oh Ap 439; 39 O. Jur., "Trial" Sec. 318. p. 1036** and authorities there cited.

Title 75, Sec. 501, Purdon's Pennsylvania Statutes Annotated, Permanent Edition, says, in its pertinent part:

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, width of the highway, and of any other restrictions or conditions then and there existing, and no person shall drive any vehicle, upon a highway at such speed as to endanger the life, limb, or property of any person, nor at a

speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead.

"(b) Subject to the provisions of subsection (a) of this section, speeds in excess of the maximum limits hereinafter provided shall be unlawful:

"* * *

"7. Seventy (70) miles an hour speed limit: All vehicles when being operated on highways under the supervision and control of a Turnpike Commission, except those otherwise restricted by this act to lower maximum speeds, and except when restricted to lower maximum speeds by such Turnpike Commission upon the highways under its supervision and control or any zones or sections thereof where official signs erected by such Turnpike Commission on the highway facing the traffic to be controlled are displayed."

Thus, the speed at which a vehicle may be driven on the Pennsylvania Turnpike is subject to the limitation contained in subsection (a) of the statute set out above.

The charge, as requested, is a proper abstract statement of the law as set out in the Pennsylvania cases. Wilson Freight Forwarding Co. v. Seal, 367 Pa. 18, 79 A. 2d 648; Kindt v. Reading Co., 352 Pa. 419, 43 A. 2d 145.

The "warning of danger" phrase, which is included in the requested charge by the cases above cited, refers to other objects than a small animal sitting by the side of the road. The evidence in the instant case fails to disclose any justification for the inclusion of the "warning of danger" phrase in the charge as requested, and hence the trial court properly refused to so instruct the jury.

Mr. Flynn says the trial court should have given the following requested charge (No. 13) before oral argument:

"The court instructs the jury that the duty of a guest in an automobile to protest exists only where such protest would serve some useful purpose. Where guests in an automobile have protested against the manner in which the vehicle is being operated another guest cannot be considered negligent as a matter of law because he fails to reinforce such protest with his own."

Although Pennsylvania has no "guest law," the courts of that state have, by judicial interpretation relating to the conduct of guest passengers in motor vehicles, placed certain requirements upon the guest passenger to protest the negligent acts of his host before liability attaches for an injury resulting from the negligent conduct of the host driver. Hardie v. Barrett, 101 A. 75. Curran v. Lehigh Valley R. Co., 149 A. 885. Landry v. Rosenstein, 188 A. 855.

One of the obligations which a guest passenger in Pennsylvania must bear is that where an opportunity is present to protest the negligent conduct of the host driver, and the guest passenger fails to make a protest and permits himself to be driven carelessly, to his injury, this failure to protest is deemed to be contributory negligence which will bar a recovery by the guest passenger. Minnich v. Easton Transit Co., 267 Pa. 200.

In some situations, such as a lack of adequate opportunity to protest, or where the guest did not know of the speed at which the vehicle was being driven, such guest passenger will not be deemed to be guilty of contributory negligence as a matter of law. Bynon v. Porter, 336 Pa. 441, 9 A. 2d 357. Gormican v. Menke, 306 Pa. 156, 159 A. 36.

The rule we are now discussing is stated in Friedrich v. Baltimore & Ohio R. Co., 360 Pa. 515, 62 A. 760, at p. 762, as follows:

"Contributory negligence of a guest will not be declared as a matter of law unless in the face of known or obvious danger he has exhibited disregard for his own safety and made no effort to control the operation of the vehicle * * *. He may not sit idly by and permit himself to be driven carelessly to his injury where there are dangers reasonably manifest and known to him * * *."

The protest of one guest does not inure to the benefit of another guest where the injured nonprotesting guest had an opportunity to protest but failed to do so. In that situation, the Pennsylvania courts say that the injured guest passenger joined with the host driver in testing the dangers which were manifest to both parties. Apfelbaum v. Markley, 2 A. 2d 975.

Considering the situation herein, it was not error for the trial court to refuse to give requested instruction 13, set out above.

Mr. Flynn also asked the trial court to give a pre-argument instruction numbered 14, which request was refused. We hold that such refusal did not constitute prejudicial error, since the requested instruction (No. 14) was substantially covered by another requested instruction—No. 3. The trial courts are not required to give repetitive instructions requested by the same party. 39 O. Jur., Trial, Sec. 324, p. 1048 and authorities there cited. Centrello, a minor, v. Basky, 164 Oh St 41.

We now consider the matter of claimed prejudicial error in giving certain special preargument instructions requested by Miss Little.

The trial court gave, at Miss Little's request, the following charge (No. 9) before the oral argument:

"I charge you as a matter of law that when the driver of an automobile is confronted with a sudden emergency which is not of his own making, so that he does not have the opportunity to act with the judgment he ordinarily may exercise, he is held in law only to the exercise of his best judgment under the circumstances.

"If you find that this accident was caused solely by the natural, impulsive act of Patricia Little in seeking to avoid an imminent danger which was suddenly thrust upon her when an animal entered the highway ahead of her car that the emergency was not of her own making; and that she used her best judgment under the circumstances, there would be no negligence on her part, and your verdict must be in favor of the defendant."

What was the sudden emergency which it is claimed confronted Miss Little? It consisted only of a small animal—a rabbit or a skunk—sitting beside the road, which suddenly started to cross in front of the oncoming car. We must remember that these parties were traveling on a turnpike in the country area, where there were no cross streets or

houses bordering the highway. Under such conditions, it is not unusual for one to frequently see small animals at night dart in front of a lighted vehicle.

When one drives along a highway in the country, dead animals are frequently seen beside and in the road. We do not, however, think it unusual for the driver of a vehicle to attempt to avoid striking such an animal. It seems but a natural thing for a driver of an automobile to swerve to keep from hitting any living object. The conduct of Miss Little, in this respect, was hence natural and in accord with normal conduct. The doctrine of emergency was thus in this case.

A small animal, however, seldom creates such an emergency as to cause great harm if the vehicle is under control. The testimony in the instant case indicates such a situation herein, and hence the jury should have been more clearly instructed as to the sudden emergency rule and its application to this case.

The requested charge was not complete, for the phrase "not of his own making," in our judgment, does not give to the jury all that the law of Pennsylvania requires. The rule is laid down in the case of Casey v. Siciliano, 310 Pa. 238, 165 A. 1, and approved in Kins v. Deere, et al., 359 Pa. 106, 58 A 2d 335, in which latter case the court said, at page 339:

"Chief Justice Kephart in an opinion for this court in Casey v. Siciliano, 310 Pa. 238, 165 A. 1, 2, stated with regard to the application of the emergency rule: 'When the driver of an automobile claims that he has been subjected to a sudden emergency in driving on the highways, to enable him to claim the benefit of this rule, it must appear that he was not driving in a reckless or careless manner, but with due regard to the condition of the highway and the traffic. One driving carelessly cannot say he was placed in sudden peril. If driving in a careful manner, the peril would not have arisen.' The question, therefore, is usually one for the jury to determine, under proper instruction."

We therefore conclude that the trial court committed error prejudicial to the substantial rights of the appellant, Flynn, when he gave the instruction No. 9 requested by appellee, Little.

We have heretofore discussed the law of Pennsylvania with respect to the necessity on the part of a guest passenger to protest the careless conduct of the host driver. Tested by the rule which we set out above, appellee Little's requested instruction No. 10 is not a fair statement of the law in Pennsylvania on that subject.

The charge is as follows:

"I charge you as a matter of law that when a passenger in an automobile sees his driver proceeding in a negligent manner, and the passenger has any adequate opportunity to control the situation, he must make vigorous protest. If he sits by without protest and permits himself to be driven on to his injury, he is chargeable with contributory negligence which prevents him from recovering damages from the driver.

"If you find that Patricia Little was driving in a negligent manner and that the plaintiff, John Flynn, was aware of it and had adequate opportunity to exercise some control over the situation, but that he sat by without making vigorous protest, you must find that he was negligent.

If you further find that such negligence on his part proximately contributed to cause his injuries, your verdict must be for the defendant, Patricia Little."

The writer of this opinion has read many Pennsylvania cases concerning the duty of a guest passenger to protest the known reckless conduct of the host driver, but in all of those cases the phrase "vigorous protest," as set out in this requested instruction, is conspicuously absent. Hardie v. Barrett, supra. Minnich v. Easton Transit Co., supra. Bynon v. Porter, supra.

The cases cited in the above case as authority for the "rule of protest" do not require that the protest be "vigorous."

The phrase "control of the situation" is used frequently in the Pennsylvania cases wherein the "rule of protest" is set out, and such phrase generally refers to the opportunity to speak out in warning against the driver's reckless conduct. It is not always used in a situation where the passenger is the employer of the driver, as in the Hardie v. Barrett case, supra.

The rule with regard to the sufficiency of protest in Pennsylvania is different from that in certain other states, such as West Virginia, where, in Boyce v. Black, 123 W. Va. 234, 15 S. E. 2d 588, it is stated that the protest of one passenger inures to the benefit of all passengers. This is the rule also in Arkansas, as shown by the case of Ragland v. Snotzmeier, et al., 55 S. W. 2d 923.

We determine herein that the trial court, in giving the requested instruction No. 10, as asked for by Miss Little, placed too great a burden upon Mr. Flynn when the court required that a "vigorous" protest be given to Miss Little before Mr. Flynn could be free from contributory negligence in the circumstance. The giving of such instruction was error prejudicial to the substantial rights of the appellant.

The adjective law of the state of Ohio, on the subject of erroneous requested instructions, is set out in 4 O. Jur. 2d, Appellate Review, Sec. 988, at p. 261, as follows:

"The rule has also been laid down that requested charges should be statements of general rules, not only correct in the abstract, but so covering the case as not to give a one-sided view of some particular theory of counsel or attach undue importance to some particular item of evidence, and that the giving of requests which do not meet this requirement is reversible error. Furthermore, requested charges should be complete and should state the law correctly and clearly within themselves, and the giving of one which fails to do so, to the prejudice of the adverse party, is ground for reversal."

See also: Eaton v. Askins, 95 Oh Ap 131.

We have examined all other claimed errors, and find none prejudicial to the substantial rights of the appellant.

For the reasons set out herein in the giving of instructions 9 and 10, as requested by Miss Little, the judgment herein is reversed, and the cause remanded to the trial court for further proceedings.

Judgment reversed and cause remanded.

STEVENS and DOYLE, JJ, concur.