Campana, Appellant, *v.* Bower.

Argued January 5, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Anthony D. Miele,* with him *Fierro & Miele,* for appellant.

*John C. Youngman, Jr.,* with him *Candor, Youngman, Gibson & Gault,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 14, 1967:

On the evening of October 28, 1963, appellant's decedent, James E. Bower, accompanied by his wife, the

appellee, and one of their sons, started on a trip by automobile from their home in Williamsport, Pennsylvania, to North Carolina. At 3:30 A.M. the next day, the jointly-owned automobile which appellee was driving crashed into a roadside guardrail, killing Bower and their son. The administrator of Bower's estate thereupon instituted this trespass action. The jury returned a verdict in favor of the appellee, either because they believed that Bower was guilty of contributory negligence or that his wife (the appellee) was not guilty of negligence. The Court en banc denied plaintiff's motion for a new trial. From the judgment entered on the verdict, plaintiff took this appeal.

Appellant is correct when he contends that the fact that Bower was asleep in the passenger seat beside his wife who was driving the car when the accident occurred, and his failure to direct and control his wife's operation of the car did not constitute contributory negligence *per se*. *Frank v. Markley*, 315 Pa. 257, 173 Atl. 186; *Bohner v. Eastern Express, Inc.*, 405 Pa. 463, 175 A. 2d 864. However, there was ample evidence upon which a jury could find that Bower's conduct amounted to and constituted contributory negligence. For example, the testimony shows (1) that Bower's wife had been driving the car for four hours through darkness and intermittent rain before the accident, and (2) Bower's wife was not used to driving for long times or distances, and (3) Bower had awakened several times during the four hours his wife was driving and consequently was familiar with the prevailing conditions and circumstances. In addition, there was testimony by Bower's wife from which the jury could have found that a defective windshield wiper contributed to the occurrence of the accident. Bower's wife testified that she had told Bower about the defective windshield wiper before they left Williamsport and he had replied that there was no necessity to have it re-

paired before they reached their destination. Moreover, since it had rained during the earlier portion of the trip when Bower was driving the automobile, he was aware of the possibility that the defective windshield wiper might create a dangerous situation while his wife was driving. All these facts taken together would justify a finding by the jury that Bower was guilty of contributory negligence. Moreover, under appellee's testimony, the jury could have found that she was not guilty of negligence. She testified that it commenced raining again when she was on a curve and when she turned on the windshield wiper it obscured her vision thus causing her to run into the guardrail.

It will suffice to say that the evidence was adequate to justify a jury verdict for either the appellant or the appellee, and we find no abuse of discretion or error of law by the lower Court.

Judgment affirmed.

Mr. Justice JONES and Mr. Justice COHEN concur in the result.

Mr. Justice MUSMANNO dissents.